1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7
8
9
10
11
12
13

The SEASONS HOMEOWNERS
ASSOCIATION, INC.,

Plaintiff(s),

v.

RICHMOND HOMES OF NEVADA, INC.,
et al.,

Defendant(s).

Case No. 2:16-CV-1816 JCM (CWH)

ORDER

14     Presently before the court is plaintiff Seasons Homeowners Association, Inc.'s ("plaintiff")

15 motion to remand.  (ECF No. 17).  Defendant Aspen Manufacturing Holding, Inc. ("Aspen") filed

16 a response (ECF No. 19), in which defendants Richmond American Homes of Nevada, Inc.

17 ("Richmond") and Red Rock Mechanical, LLC ("Red Rock") (collectively, as "defendants")

18 joined.  (ECF Nos. 20, 22).  Plaintiff filed a reply.  (ECF No. 26).

19 **I.     Facts & Background**

20     This is a class action case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §

21 1332(d)(2).  This case arises from a construction defect dispute between plaintiff, representing the

22 individual owners of 380 homes in Henderson, NV, and defendants Aspen, Richmond, and Red

23 Rock.  Defendant Aspen manufactured the allegedly defective air conditioning cooling coils

24 installed in the 380 residences.  (ECF No. 17).

25     On June 27, 2013, plaintiff filed its first amended complaint in state court.  (ECF No. 17-

26 5).  At that time, plaintiff openly asserted that the amount in controversy was less than

27 $5,000,000.00.  (ECF No. 17-5).  On November 6, 2013, plaintiff received class certification in

28 state court for the underlying case ("*Seasons*").  (ECF No 17-7).

**James C. Mahan**
**U.S. District Judge**

On February 7, 2014, following the class certification, *Seasons* was consolidated with another state court case, *Stanton v. Richmond Am. Homes of Nev.* ("*Stanton/Turner*"),[1] which involved the same alleged construction defect by Aspen.  (ECF No 17-8).

On March 21, 2014, defendants removed the consolidated cases to federal court.  (ECF No. 1-3).  On June 18, 2014, the court granted plaintiff's motion to remand based on a lack of subject matter jurisdiction under CAFA.  (ECF No. 1-5).

In granting plaintiff's motion for remand, the court found that the amount in controversy was below CAFA's jurisdictional requirement of $5,000,000.00.  (ECF No. 1-5).  Additionally, the court found that even though the *Stanton*/*Turner* and *Seasons* cases were consolidated, the consolidation did "not work a merger of the issues and render the litigants parties to each other's suits . . . [and d]efendants ha[d] failed to establish that the consolidated actions were merged into a single action."  (ECF No 1-5).  Thus, the court concluded it was improper to combine the claims from both cases to reach the statutory amount in controversy requirement under CAFA.  (ECF No 1-5).  Additionally, the court found that defendants failed to provide the court with evidence supporting the estimated attorney's fees or costs.  (ECF No 1-5).

After the remand, the consolidated cases (*Seasons* & *Stanton/Turner*) was consolidated with another state court case, *Lee v. Aspen Mfg., Inc.* ("*Lee/In re Aspen*"),[2] on March 13, 2015.  (ECF No. 17-8).  The cases were consolidated "for discovery purposes only [and] each case still maintain[ed] its separate character."  (ECF No. 17-8 at 23).

On July 30, 2016, defendant Aspen filed the underlying removal (ECF No. 1), which the other defendants later joined (ECF Nos. 20, 22).  Plaintiff now moves to remand the action once more.  (ECF No. 17).

In the instant motion, plaintiff does not contest that the amount in controversy exceeds the $5,000,000.00 jurisdictional amount under CAFA.  (ECF No. 17).  Rather, plaintiff asserts that defendants' removal was untimely.  (ECF No. 17).  In response, defendants assert that the removal was timely and that plaintiff concealed the amount in controversy in bad faith.  (ECF No. 19).

---

[1]  State case number A-13-689790-D.  (ECF No. 17-8 at 9).

[2]  State case number A-14-710463-D.  (ECF No. 17-8 at 22).

James C. Mahan
U.S. District Judge

## II.    Legal Standard

When a state case is removed to federal court "based on diversity of citizenship, an amount-in-controversy requirement must be met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).   Diversity of citizenship requires that the parties be "citizens of different states."   28 U.S.C § 1332(A)(1)–(4).   Complete diversity is required, meaning "the citizenship of each plaintiff is diverse from the citizenship of each plaintiff." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).   Under 28 U.S.C. §1446(a), the amount in controversy for a diversity case is $75,000.00.

By contrast, CAFA cases removed based upon diversity of citizenship have different jurisdictional requirements than typical diversity cases.   Under 28 U.S.C § 1332(d), the federal court has jurisdiction over CAFA cases where the "class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000[.00]." *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).   Minimal diversity requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant."   28 U.S.C. § 1332(d)(2)(A).

In CAFA cases, there is "no antiremoval presumption" because the purpose of CAFA is to give federal courts jurisdiction over cases dealing with matters of national importance and interstate issues. *See Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 551; *see also California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("[In typical diversity cases t]he removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute.").

While cases removed pursuant to CAFA have different requirements for diversity, the parties must still follow the procedure for removal set forth in 28 U.S.C. § 1446. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013).   Two clauses from the removal statutes govern the analysis of timeliness in CAFA cases—28 U.S.C. §§ 1446(b)(1) and 1446(b)(3).   Section 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the

defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).  Section 1446(b)(3) states:

Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

If, following removal, a federal court determines there was a defect in the removal procedure or an absence of subject matter jurisdiction, it may remand the action to state court *sua sponte*, or on motion of a party.  *See* 28 U.S.C. § 1447(c).  The timing requirement of § 1446(b) is "mandatory," but it is not jurisdictional.  *See Hones v. Young*, No. 2:12-cv-1951-JCM-PAL, 2013 WL 593401, at *2 (D. Nev. Feb. 13, 2013).

Under § 1446(b), two separate thirty (30)-day windows exist for when a case may be removed: (1) after the defendant receives the initial pleading; and (2) after the defendant receives a paper "from which it may first be ascertained that the case is one which is or has become removable" if "the case stated by the initial pleading is not removable."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005).  "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Id*. at 694.

In CAFA cases, if neither of the thirty (30)-day periods under § 1446(b) have been triggered, a case may be removed at any time, provided that it meets jurisdictional requirements.  *Roth*, 720 F.3d at 1126.

## III.   Discussion

The parties do not dispute that 28 U.S.C. §1446(b)(3) governs the timeliness analysis of defendants' removal.  Rather, they disagree as to which paper(s) triggered the timeframe for removal.  (ECF Nos. 17, 19).

Under § 1446(b)(3), the thirty-day window for removal begins "after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become

James C. Mahan
U.S. District Judge

- 4 -

removable' if 'the case stated by the initial pleading is not removable.'"  *Harris*, 425 F.3d at 692 (quoting 28 U.S.C. § 1446(b)(3)).

Plaintiff argues that the amount in controversy was made clear to defendants by February 9, 2016, and no later than March 16, 2016, through a series of documents produced in discovery that would trigger the thirty-day period under § 1446(b)(3).  (ECF No. 17).  According to plaintiff, all of the damages listed under NRS 40.655 are combined to calculate the final amount in controversy.  (ECF No. 17).  Plaintiff asserts that the series of documents outlined each of the damages that defendants could have used to calculate the amount in controversy.  (ECF No. 17).

The court disagrees.  Damages under NRS 40.655 for construction defect cases include: "1. [t]he market value of the residence as if no constructional defect existed . . . 2. [t]he value of improvements made to the property . . . 3. [r]easonable attorney's fees and fees for experts; and 4. [a]ny costs, including costs and expenses for moving and costs."  Nev. Rev. Stat. § 40.655.

Plaintiff disclosed the cost of its repairs, as well as the fees for experts, but nothing more. More specifically, plaintiff's cost estimate for repairs was $3,391,550.00.  (ECF No. 17-12). Plaintiff provided invoices for eight experts totaling $331,175.00.  (ECF No. 17-13 to 19).

While plaintiff asserts that defendants were made aware of contingency fees on January 14, 2015, and March 16, 2015, in two separate class notices (ECF No. 17), it did not provide defendants notice of attorney's fees.  Stated differently, while the two documents cited by plaintiff outline contingency fee agreements of 33.3% to 40% of the gross amount (ECF Nos. 17-9; 17-11), these fees do not pertain to the present case.

More specifically, the January 14, 2015, document is a final class notice for the *Stanton/Turner* case given to homeowners in the Sunrise Valley neighborhood.  While the *Stanton/Turner* case was consolidated with the present case, the class notice pertained exclusively to the *Stanton/Turner* case.  The homes in the class notice have nothing to do with plaintiff, and, as such, did not serve to put defendants on notice of the cost of attorney's fees for this case.

Similarly, the March 16, 2015, document was a proposed class notice for the *Lee/In re Aspen* case that was intended for all homeowners in Nevada whose homes were installed with the

James C. Mahan
U.S. District Judge

1   allegedly defective coils manufactured by Aspen.  This notice involved a different set of plaintiffs

2   and, thus, did not serve to put defendants on notice as to the amount of attorney's fees.

3       Plaintiff then cites to a demand letter associated with *Lee/In re Aspen*, dated March 20,

4   2016, demanding $90,000,000.00, as proof of the amount in controversy.  (ECF No. 17-20).

5       This demand letter, however, also pertains to a separate case that was consolidated with

6   the instant *Seasons* case solely for discovery purposes.  The demand letter was brought on behalf

7   of all homeowners in Nevada who have homes installed with Aspen's allegedly defective

8   evaporator coils—approximately 60,000 homes according to defendants—which is significantly

9   more homes than the 380 at issue here.  (*See* ECF Nos. 17-20, 19).

10      The court finds that this demand letter did not serve to put defendants on notice of

11  removability under CAFA because it was dealing with homes throughout the entire state of

12  Nevada, not the one neighborhood plaintiff represents.  Therefore, the amount in controversy set

13  forth in the demand letter pertains to a different set of facts than those in the instant case.

14      Next, plaintiff argues that defendants were made aware of the statutory damages it sought

15  because they were outlined in the demand letter associated with *Lee/In re Aspen*, dated March 16,

16  2016.  (ECF No. 17).  Plaintiff argues that the demand letter outlined the damages available under

17  Chapter 40 of the Nevada Revised Statutes.  *See* Nev. Rev. Stat. § 40.665.  Plaintiff asserts that

18  defendants should have been aware of the state statute regarding construction defect damages and

19  Nevada law, detailing the damages plaintiff was entitled to.

20      As previously stated, the demand letter pertained to a separate case and, therefore, cannot

21  serve to put defendants on notice of the amount in controversy in the instant case.

22      Defendants argue, and the court agrees, that the first paper from which they could ascertain

23  removability under CAFA was a settlement letter dated July 29, 2016.  (ECF No. 19); s*ee also*

24  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) ("[A] demand letter sent

25  during the court of the state court action can constitute 'other paper' within the meaning of section

26  1446(b).").  In particular, plaintiff's settlement letter demanded $6,735,917.00 from defendants to

27  settle the instant case exclusively.  (*See* ECF No. 17-20).  This paper demonstrates an amount in

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1   controversy in excess of CAFA's $5,000,000.00 threshold.  Thus, this was the first document from

2   which defendants could ascertain federal jurisdiction under CAFA.

3         Defendants received this demand letter on July 29, 2016.  (ECF No. 19).  Defendant Aspen

4   subsequently removed the instant case the next day, on July 30, 2016 (ECF No. 1), which

5   defendants Richmond and Red Rock later joined (ECF Nos. 20, 22).  Thus, defendants removal

6   was timely as it was filed one day after the thirty (30) -day timeframe was triggered under §

7   1446(b)(3).  Accordingly, the court will deny plaintiff's motion to remand.

8   **IV.**   **Conclusion**

9         Accordingly,

10         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Seasons

11   Homeowners Association, Inc.'s motion to remand (ECF No. 17) be, and the same hereby is,

12   DENIED.

13         DATED December 7, 2016.

14

15   UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**