UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| The SEASONS HOMEOWNERS ASSOCIATION, INC., <br><br>                    Plaintiff(s), <br><br>    v. <br><br> RICHMOND HOMES OF NEVADA, INC., et al., <br><br>                    Defendant(s). | Case No. 2:16-CV-1816 JCM (CWH) <br><br> ORDER |

Presently before the court is defendant Aspen Manufacturing Holding, Inc.'s ("Aspen") motion for the court to exercise supplemental jurisdiction. (ECF No. 29). Plaintiff Seasons Homeowners Association, Inc. filed a response. (ECF No. 33).

I.   **Facts & Background**

This is a class action case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). On June 27, 2013, plaintiff filed its first amended complaint in state court. (ECF No. 17-5). On November 6, 2013, plaintiff received class certification in state court for the underlying case ("*Seasons*"). (ECF No 17-7). On July 30, 2016, defendant Aspen removed the instant case to federal court. (ECF No. 1).

In October 2013, the state court granted plaintiff's motion to consolidate the instant case with another state court case, *Turner v. Richmond American Homes et al.* ("*Turner*"), for discovery purposes. (ECF No. 29 at 5). In February 2015, the state court granted plaintiff's second motion to consolidate the *Seasons* and *Turner* cases with another state court case, *In re Aspen BB Series Evaporator Coil Litigation* ("*In re Aspen*"), also for discovery purposes. (ECF No. 29 at 5).

**James C. Mahan**
**U.S. District Judge**

In the instant motion, defendant Aspen requests that the court exercise supplemental jurisdiction over the *Turner* and *In re Aspen* state court cases pursuant to 28 U.S.C. § 1367. (ECF No. 29).

## II. Discussion

As an initial matter, the court finds no response necessary and further finds the motion properly resolved without oral argument. *See* LR 78-1.

Defendant Aspen asks that the court exercise supplemental jurisdiction over two separate, but related, cases that are presently pending before the Nevada state court. (ECF No. 29). Specifically, defendant Aspen argues that the court's exercise of supplemental jurisdiction over *Turner* and *In re Aspen* pursuant to 28 U.S.C. § 1367(a) is appropriate because the three cases share a common nucleus of operative facts. (ECF No. 29). Defendant Aspen asserts that "the factual allegations between the cases are virtually identical." (ECF No. 29 at 13). Defendant Aspen further contends that interests in judicial economy, convenience of the parties, and avoiding inconsistent results favor an exercise of supplemental jurisdiction. (ECF No. 29 at 13).

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they 'are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 387 (1998) (citing 28 U.S.C. § 1367(a)). Title 28 U.S.C. § 1367(a) provides, in relevant part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over **all other claims** that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis added).

The court finds that § 1367 is inapplicable to the instant motion because defendant Aspen is not requesting that the court exercise supplemental jurisdiction over state-law claims, but rather two separate state court cases. To exercise jurisdiction over an entire case, as opposed to a claim, a federal court must have subject matter jurisdiction. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

**James C. Mahan**
**U.S. District Judge**

While the Nevada state court consolidated *Turner* and *In re Aspen* with the instant *Seasons* case (prior to its removal to federal court), it did so solely for discovery purposes—*i.e.*, having common discovery for the three cases so as to allow them to be managed by the same judge and special master. (ECF No. 29 at 11). Because the three cases remained separate and independent cases in all other regards, jurisdiction over the two state court cases cannot be based on supplemental jurisdiction under § 1367.

Accordingly, the court will deny defendant Aspen's motion for the court to exercise supplemental jurisdiction pursuant to § 1367 over the two state court cases, *Turner* and *In re Aspen*. (ECF No. 29).

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Aspen's motion for the court to exercise supplemental jurisdiction (ECF No. 29) be, and the same hereby is, DENIED.

DATED January 6, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -